Mark F. James (5295)
Mitchell A. Stephens (11775)
Justin L. James (15167)
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone:  (801) 363-6363
Email:  mjames@hjdlaw.com
          mstephens@hjdlaw.com
          jjames@hjdlaw.com

Charles L. Roberts (5140)
Wasatch-IP, A Professional Corp.
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 292-5300
Email: croberts@wasatch-ip.com

*Attorneys for Plaintiff James Smelser*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES SMELSER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PEDDINGHAUS CORPORATION,<br><br>Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)**<br><br>Case:  2:16-cv-00342-EJF<br><br>Judge Evelyn J. Furse |

Plaintiff James Smelser (Smelser") through its legal counsel, alleges on knowledge as to

its own conduct and otherwise on information and belief as follows:

## PRELIMINARY STATEMENT

1.      This is a case of unlawful and unabashed copying by defendant of Smelser's patent.  Smelser seeks to recover damages, and to obtain injunctive relief, as a result of the willful misappropriation by Peddinghaus Corporation ("Peddinghaus") of the valuable intellectual property embodied in Smelser's U.S. Patent No. 8,454,105 (the "'105 patent"), and Peddinghaus' acts of unfair competition and false advertising in violation of the federal Lanham Act and state law.  A true and correct copy of the '105 patent is attached hereto as Exhibit "A" and incorporated herein by reference.

## PARTIES

2.      Smelser is an individual who resides in Salt Lake County, Utah.  For many years, Smelser worked and developed considerable expertise in the steel fabrication industry.

3.      Peddinghaus is a corporation with its U.S. headquarters located at 300 North Washington Avenue, Bradley, Illinois 60915.  Peddinghaus holds itself out as a manufacturer and supplier of the most innovative equipment in the steel construction, plate fabrication, and metal working industries.

## JURISDICTION AND VENUE

4.      Smelser's claims for patent infringement arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  Smelser's claims for unfair competition and false advertising arise under the federal Lanham Act, 15 U.S.C. § 1121 *et seq.*, and under state law.

5.      This Court has original subject matter jurisdiction over Smelser's claims for patent infringement and violations of the Lanham Act pursuant to the laws of the United States,

28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental jurisdiction over the claims arising

under state law pursuant to 28 U.S.C. § 1367.

6.      The Court has personal jurisdiction over Peddinghaus because it conducts

business in this judicial district and has committed infringing acts within this judicial district.

Specifically, Peddinghaus has sold one of its infringing systems to GEM Buildings in Brigham

City, Utah, within this judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**THE PATENT-IN-SUIT**

8.      Smelser is the owner of the entire right, title, and interest in the '105 patent,

entitled "Automated Beam Marker," which was duly and legally issued by the United States

Patent and Trademark office on June 4, 2013.

9.      Smelser has the exclusive right to exclude others from making, using, selling,

offering to sell, and importing into the United States embodiments of the inventions claimed in

the '105 patent.

10.     The '105 patent has at all relevant times been owned by Smelser as the sole and

exclusive owner of all right, title and interest to the patent.

**GENERAL ALLEGATIONS**

11.     For many years, Smelser worked for a company in Utah named SME Steel

Contractors, Inc., which specializes in the comprehensive structural steel fabrication and erection

for application in commercial, industrial, hospital, institution, government, civic, health clinics,

data centers, research and development, airports, distribution centers, sports facilities, casinos,

and multi-use project construction.

12.     The steel fabrication and erection industry historically has been "old school," with advances in technology often slow in occurring.  During the course of his experience in the steel industry, Smelser learned that one aspect of the design, manufacture and erection of steel structures that was very time consuming and expensive was matching manufactured steel parts with corresponding structural drawings such that each manufactured steel part was placed in the specific location in a structure for which the steel part was intended.  For many years in the industry, this was an extremely tedious process that involved etching or scribing by hand on fabricated steel beams, plates and other steel structures numbers, letters and lines in a manner to show the location of multiple parts that comprise a structural member and indicate the exact location of the structural member in the construction project.

13.     Smelser believed that this hand layout process could be automated, and over a course of several years, Smelser conceived, designed, constructed, and caused to be patented a first-of-its-kind revolutionary machine (disclosed and claimed in the '105 patent) that replaced hand layout for fit up and welding.

14.     Smelser manufactured, marketed, and sold beam marking systems in accordance with his invention and the '105 patent.

15.     Since he conceptualized, designed, manufactured, patented and began marketing his invention, Smelser has learned that Peddinghaus, commencing in or about 2011, has been marketing and selling a machine, called the "Peddinghaus PeddiWriter" (the "PeddiWriter"). The PeddiWriter infringes Smelser's '105 Patent.

16.     Peddinghaus has asserted a number of false statements, including, that its PeddiWriter is a "[t]he very first machine of its kind" and that it is "[t]he first ever stand-alone

layout marking system." *See* Peddinghaus product brochure (attached hereto as Exhibit "B" and incorporated herein by reference).

17.     On information and belief, an individual whom Smelser had approached to assist in the development of certain proprietary software to be used in embodiments of the '105 patent subsequently consulted with Peddinghaus and utilized Smelser's proprietary ideas and designs in development of the PeddiWriter.

18.     In March of 2014, Smelser put Peddinghaus on notice that that its PeddiWriter infringed the '105 patent.

<u>**FIRST CLAIM FOR RELIEF**</u>
(Defendant's Infringement of the '105 patent)

19.     Smelser hereby incorporates by reference the foregoing paragraphs.

20.     Peddinghaus has directly infringed the '105 patent by making, using, selling and/or offering for sale within the United States, its PeddiWriter beam marking system, a device that falls within the scope of one or more of the claims of the '105 patent.  Infringement of at least claim 1 of the '105 patent is illustrated in the attached Exhibit C, in which each of the elements of claim 1 of the '105 patent is applied to the Peddinghaus PeddiWriter.

21.     Peddinghaus has actively induced and is still actively inducing infringement of the '105 patent by actively inducing others to use, offer for sale, or sell one or more of the patented devices of the '105 patent.

22.     The misconduct of Peddinghaus as set forth herein gives rise to a cause of action for infringement of the '105 patent pursuant to 35 U.S.C. §§ 271 and 281.

23.     On information and belief, Peddinghaus has infringed and is infringing the '105 patent in willful, reckless, and deliberate disregard of Smelser's patent rights.

24.     Smelser has been damaged by Peddinghaus's infringement and has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law.

25.     Unless and until enjoined by this Court, Peddinghaus will continue to infringe and/or induce others to infringe the '105 patent.

26.     Because Peddinghaus has made, used, sold and offered for sale the PeddiWriter, thereby infringing the '105 patent after receiving notice of Smelser's assertions of Peddinghaus' infringement of the '105 patent and despite an objectively high likelihood that Peddinghaus' continued actions constitute infringement, Peddinghaus' infringement has been both willful and deliberate.

27.     By reason of the foregoing, Smelser is entitled to injunctive and monetary relief against Peddinghaus, pursuant to 35 U.S.C. §§ 283-285, as more fully set forth below.

## SECOND CLAIM FOR RELIEF
### (Federal False Advertising and Unfair Competition)

28.     Smelser hereby incorporates by reference the foregoing paragraphs of this Complaint.

29.     This claim is for false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

30.     Peddinghaus' statements and conduct, including, without limitation, that its PeddiWriter is "[t]he first ever standalone layout marking system," that its PeddiWriter is "[t]he very first machine of its kind," and other such statements, are false and misleading; they intentionally deceive and mislead actual and prospective purchasers, and they are likely to influence purchasing decisions—all in violation of the Lanham Act.

31.     On information and belief, Peddinghaus' unlawful conduct has been willful and deliberate, and Peddinghaus has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

32.     Smelser has been injured, and will continue to be injured, by Peddinghaus' intentional and deceptive conduct, including by suffering a loss in both sales and customers attributable to Peddinghaus' false, deceptive and misleading statements.

33.     Peddinghaus' actions, as set forth above, are negligent, willful, reckless and/or intentional, and have caused and threaten to cause irreparable injury to Smelser's goodwill, reputation, and ability to conduct business. The injury to Smelser is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Smelser for his injuries, whereby plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(False Advertising and Unfair Competition
Under the Utah Unfair Competition Act)

34.     Peddinghaus hereby incorporates by reference the foregoing paragraphs of his Complaint.

35.     Peddinghaus' statements as described above, were made, *inter alia*, to consumers in the State of Utah and elsewhere in the United States, including in this District.

36.     Peddinghaus' statements, as described above, constitute materially false, misleading and deceptive descriptions of fact that misrepresent the nature, characteristics and quality of the PeddiWriter product in violation of the Utah Unfair Competition Act, Utah Code Ann. §§ 13-5a-101 et seq.

37.     By reason of its foregoing willful and knowing conduct, Peddinghaus has caused damage and injury to Smelser, in an amount as yet undetermined.

### JURY DEMAND

Plaintiff demands a trial by jury on all matters alleged herein in accordance with the Seventh Amendment to the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Smelser requests judgment against Peddinghaus as follows:

A.     Holding that Peddinghaus has infringed (directly and indirectly) U.S. Patent No. 8,454,105, and that Peddinghaus has engaged in false advertising and unfair competition in violation of the Lanham Act and state law;

B.     Permanently enjoining Peddinghaus and its agents, attorneys, servants, successor, assigns, employees and any and all parties acting in concert with any of them from:

1. directly or indirectly infringing in any manner the '105 patent (whether by making, using, selling, offering to sell, or importing into the United States any product falling within the scope of any of the claims of the patent, or inducing others to engage in any of the aforementioned acts or otherwise); and

2. stating or implying that its PeddiWriter is the "first-of-its-kind" or otherwise suggesting or implying that the PeddiWriter predated or preceded the subject matter of the '105 patent; and

3. otherwise competing unfairly with Smelser;

C.      Directing Peddinghaus to destroy or delete its entire stock of infringing products and materials in its possession within the United States;

D.      Awarding damages to Smelser, in an amount to be determined at trial to compensate Smelser for the infringement of the '105 patent under 35 U.S.C. § 284;

E.      Awarding damages to Smelser, in an amount to be determined at trial, to compensate Smelser for Peddinghaus' acts of false advertising and unfair competition, including enhanced and/or punitive damages;

F.      Awarding Smelser reasonable attorney fees and expenses against Peddinghaus pursuant to 35 U.S.C. § 285 and Utah Code Ann. § 13-5a-103;

G.      Ordering an accounting of all gains, profits, savings and advantages realized by Peddinghaus from their aforesaid acts of infringement, unfair competition, and false advertising;

H.      Awarding Smelser pre- and post-judgment interest to the full extent authorized by applicable law;

I.      Trebling the award of damages against Peddinghaus pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 284 because of the willful and deliberate nature of Peddinghaus' acts of infringement, unfair competition, and false advertising;

J.      Ordering Peddinghaus to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of Peddinghaus' acts of infringement, unfair competition, and false advertising, the content, nature, form and extent of which is to be approved by plaintiff and this Court; and

K.      Awarding Smelser such other and further relief as this Court may determine to be just and equitable.

Dated this 27th day of April, 2016.

WASATCH-IP, A Professional Corp.

By:    /s/ Charles L. Roberts
Charles L. Roberts

HATCH, JAMES & DODGE

Mark F. James
Mitchell A. Stephens
Justin L. James